UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RANDY FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00056-RLY-TAB |
| | ) | |
| ID CASTINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This cause is before the Court on Plaintiff Randy Fields' motion for protective order. [Filing No. 23.] Why Plaintiff felt compelled to file this motion is not entirely clear given that Plaintiff's position on the underlying discovery issue is not well taken—as the Court previously advised Plaintiff's counsel at two separate conferences. For the reasons set forth below, Plaintiff's motion is denied, and Plaintiff shall show cause, if any, why an award of attorney's fees is not appropriate.

Plaintiff asks the Court to enter a protective order arising out of requests for production Defendant iD Castings, LLC served on April 23, 2026. These requests sought releases for records concerning Plaintiff regarding the following topics: medical treatment, employment, Social Security Administration, taxes, and Medicare. [Filing No. 23, at ECF p. 1.] Plaintiff's motion misses the mark. As Defendant correctly argues, long-established Seventh Circuit case law finds it appropriate to order Plaintiff to sign releases seeking this information. *See, e.g., Johnson v. Rogers*, No. 1:16-cv-02705-JMS-MPB, 2018 WL 2327713, at *3 (S.D. Ind. May 23, 2018) ("'[R]equiring execution of authorizations is a customary manner of permitting access to records under a party's control.'" (quoting *Stringer v. Scott*, No. 93 C 1452, 1993 WL 372211, at *1 (N.D. Ill. Sept. 21, 1993))).

The records Defendant seeks are relevant to Plaintiff's claims and Defendant's defenses and proportional to the needs of the case. Defendant has limited the requested medical and mental health releases to known providers, providers to be identified by Plaintiff in interrogatory answers, and providers who have seen Plaintiff in the ten years before his work injury. The requested medical records are relevant to Plaintiff's asserted need to be off work because of his work injury and associated restrictions. Moreover, these records are relevant to determining whether Plaintiff is disabled under the Americans with Disabilities Act. These records also are relevant to Plaintiff's credibility.

Likewise, Plaintiff's mental health records are relevant because Plaintiff seeks compensatory damages, including damages for emotional distress. By placing his physical and mental state at issue, Plaintiff has waived privilege over his medical and mental health records. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."); *see also Balcom v. Univ. of Indianapolis*, No. 1:09–cv–0057–LJM–DML, 2010 WL 2346768, at *2-3 (S.D. Ind. June 9, 2010) (plaintiff linked her emotional distress to her migraine headaches, placing her mental and physical health in controversy).

Releases for Plaintiff's tax returns since 2020 are relevant to Plaintiff's claims for lost wages and front pay and to assess the accuracy of the information he has provided regarding compensation through discovery. *See Davis v. Marion Cnty. Superior Ct. Juv. Det. Ctr.*, No. 1:24-cv-01918-JRS-MJD, 2025 WL 2240441, at *5 (S.D. Ind. Aug. 6, 2025) ("'Tax returns, thus, are subject to the familiar relevance and proportionality analysis under Rule 26(b)(1).'" (quoting *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19 C 2436, 2021 WL 4894701, at *2 (N.D. Ill.

Oct. 20, 2021))). Defendant's response to Plaintiff's motion states Plaintiff has only provided some documents reflecting income and has not identified all sources of income, compensation, or benefits since 2020. [Filing No. 27, at ECF p. 9, 10.] Plaintiff did not file a reply brief, so Plaintiff has not disputed this representation.

Finally, unemployment records from the Indiana Department of Workforce Development are relevant to Plaintiff's claims for lost wages and front pay, to assess Plaintiff's employment history following the termination of his employment with Defendant, and to otherwise assess the accuracy of information provided by Plaintiff during discovery. Accordingly, these records are discoverable. *See Huff v. Dohrn Transfer Co., LLC*, No. 1:24-cv-02063-JMS-MJD, Filing No. 59, at ECF p. 12-13 (S.D. Ind. May 30, 2025) (granting a motion to compel signed releases for unemployment records). **For all these reasons, Plaintiff's motion for protective order [Filing No. 23] is denied.**

It should not surprise Plaintiff that Defendant is entitled to the discovery Plaintiff's motion for protective order seeks to prevent. As noted at the outset of this order, the Court previously advised Plaintiff's counsel at two conferences that Plaintiff's position on this discovery issue was not well taken. Specifically, the Court held an initial pretrial conference on March 23, 2026. Prior to the conference, counsel conferred and Plaintiff proposed that the Case Management Plan contain a provision limiting discovery in a manner generally consistent with Plaintiff's proposed protective order. [Filing No. 27, at ECF p. 2.] Defendant objected to this provision. Nevertheless, Plaintiff proposed the same provision—noting Defendant's objection—in the proposed CMP the parties submitted to the Court. [Filing No. 11, at ECF p. 9.] Counsel discussed the proposed provision with the Court at the initial pretrial conference. The Court then

issued an order that expressly denied inclusion of the provision in CMP. [Filing No. 12, at ECF p. 10.]

The Court discussed the issue with counsel again at a July 20, 2026, status conference. Despite the Court reiterating that Plaintiff's position was not well taken, Plaintiff pressed the issue. In response, the Court established a deadline for Plaintiff to file a motion for protective order. [Filing No. 22, at ECF p. 1.] Plaintiff subsequently filed the motion for protective order that this Court has now denied.

Based on the foregoing, Defendant's response brief asks the Court to order Plaintiff to pay reasonable costs and attorney's fees incurred in preparing its response to Plaintiff's motion pursuant to Federal Rules 37(a)(5), 37(b)(2)(C) and/or 26(c)(3). [Filing No. 27, at ECF p. 6, 10, 11.] Plaintiff did not file a reply brief, so the Court does not have the benefit of knowing what cause, if any, Plaintiff may have for arguing his position on this discovery issue was substantially justified. Accordingly, **Plaintiff shall have until October 2, 2026, to file a response showing what cause, if any, exists for the Court not to award reasonable fees and costs to Defendant in connection with this discovery matter. Defendant may file any response brief 14 days thereafter.**

Date: 9/18/2026

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email